David E. Leta (USB #1937)
Andrew V. Hardenbrook (Arizona Bar # 025518)
*Pro hac vice application pending*
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com

*Proposed Counsel for Federal Resources Corporation*

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION**, <br><br> Debtor. | Bankruptcy Case No. 14-33427 <br><br> (Chapter 11) |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SNELL & WILMER L.L.P. AS COUNSEL FOR DEBTOR**

Debtor, Federal Resources Corporation ("Debtor"), as debtor and debtor-in-possession, hereby submits this application to employ and retain Snell & Wilmer L.L.P. ("Snell & Wilmer") as counsel in Debtor's Chapter 11 case effective as of the Petition Dates (as defined herein) pursuant to Section 327(a) of Title 11 of the United States Code and RULE 2014 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE (the "Application"). In support of this Application, Debtor relies on the Declaration of David E. Leta (the

19812758

"Supporting Declaration") filed contemporaneously herewith and respectfully represents as follows:

## I.

## JURISDICTION

1. On December 29, 2014 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the BANKRUPTCY CODE.

2. Pursuant to Sections 1107 and 1108 of the BANKRUPTCY CODE, Debtor is continuing to manage its property and assets as debtor-in-possession. No trustee or examiner has been appointed in Debtor's Chapter 11 case.

3. This Court has jurisdiction to hear this Application pursuant to 28 U.S.C. §§ 1334 and 157. This Application represents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is § 327 of the BANKRUPTCY CODE.

## II.

## BACKGROUND

A. **DEBTOR'S ASSETS AND BUSINESS OPERATIONS**

4. Debtor is a Nevada Corporation that was formed in 1960 as a result of a merger between Radorock Resources, Inc., and Federal Uranium Corporation. Debtor is a public company, with over 18,000 shareholders. Approximately 55% of Debtor is owned by Bentley J. Blum, an individual residing in Miami, Florida, and approximately 14% is owned by The Blum Family Trust, an affiliate of Mr. Blum. Debtor is no longer a reporting company because it did not have the cash flow to pay for audited financial statements and has not been current in its filings since 1993.

5. Debtor currently has only two assets: (1) 100% of the stock of Camp Bird Colorado, Inc.,[1] a Colorado corporation ("Camp Bird"),[2] and (2) 100% interest in a Madawaska Mines Limited, a Canadian corporation doing business in Ontario Canada ("Madawaska Mines").[3]

6. Camp Bird's principal assets consist of patented gold mining claims and related land located in Ouray, Colorado ("Camp Bird Properties"). Camp Bird also is the sole owner of Camp Bird Tunnel, Mining and Transportation Company ("CTMT"), which owns various water and tunnel rights used and associated with the Camp Bird Properties.

7. Madawaska Mines owns a 51% interest in a joint venture, which holds the Madawaska Mine near Bancroft, Ontario. The value of the Debtor's interest in this company is unknown.

8. From 1955 to 1982, Debtor principally engaged in the business of acquiring, exploring and developing mining properties located in the United States and Canada, including uranium, lead, zinc, gold, silver, copper, and coal properties. Due to adverse market conditions that made its mining operations unprofitable, Debtor substantially curtailed all such operations in 1982.

---

[1] Camp Bird also has filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah.

[2] On March 18, 2010, Debtor and Blum Real Estate Trust (the "Blum Trust") entered into a Share and Asset Transfer and Debt Assignment Agreement pursuant to which Debtor purportedly sold, assigned, transferred and set over unto the Blum Trust all of the issued and outstanding shares of capital stock of Camp Bird. The same parties entered into a Rescission of Share and Asset Transfer and Debt Assignment Agreement dated as of July 23, 2014, which reversed the prior transaction in its entirety.

[3] Madawaska Mines is not a debtor in bankruptcy.

19812758                                3

9. Between 1982 and 1989, Debtor, as a result of certain acquisitions made in 1986, 1987 and 1988, operated in four principal business segments: natural resources, light industrial manufacturing, retail operations and furniture manufacturing.

10. On August 14, 1986, Camp Bird entered into a lease and option to purchase agreement (the "Lease and Purchase Option") with Chipeta Mining Corporation, Royal Gold, Inc., and Ouray Ventures, Inc. (collectively "Lessees"). Pursuant to the terms of the Lease and Purchase Option, the Lessees took over operations of the Camp Bird Properties. They operated the property under the name Camp Bird Venture. On April 22, 1990, the Lessees terminated the Lease and Purchase Option related to the Camp Bird Properties, due to their inability to define mineable ore reserves at the Camp Bird Properties.

B. **EMPLOYEES OF DEBTOR'S FORMER SUBSIDIARY DEFRAUD DEBTOR**

11. In May, 1989, it was determined that a material fraud had been perpetrated by certain officers and employees of Kenyon Home Furnishings, Ltd., a subsidiary acquired by Debtor in April 1988 ("Kenyon Subsidiary"). As a result of this fraud, Debtor spent considerable funds for legal fees to defend itself from various claims because of the fraud.

12. Since the implosion of Debtor from the fraud committed in the Kenyon Subsidiary, Debtor has not been engaged in any active mining, or other business operations. Debtor has been actively attempting to find a buyer for the Camp Bird Properties or to otherwise monetize Camp Bird's assets. Several sales agreements have been entered into, but none has closed yet. As of the date of the Petition, Debtor's business is as holding company for the stock and interest identified above.

## C.    THE IDAHO LAWSUIT

13.    In 2011, the United States of America, Department of Agriculture, filed a lawsuit against Debtor, and others,[4] entitled *United States of America v. Federal Resources Corporation*, et al., pending in the United States District Court for the District of Idaho, case no. 2:11-cv-00127-BLW-RCT (the "Idaho Lawsuit"). At its core, the Idaho Lawsuit sought the recovery of funds incurred by the United States pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), for environmental cleanup efforts at the Conjecture Mine site in Bonner County, Idaho and at the Minnie Moore Mine site in Blaine County, Idaho. Debtor filed a counterclaim against the United States in this action, alleging contributory liability for its share of the response costs.

14.    On July 14, 2014, the Idaho District Court in the Idaho Lawsuit entered an order on several pending motions including, in particular, the Government's motion for summary judgment and Debtor's motion for partial summary judgment. In its ruling, the Court granted the Government's motion for summary judgment and awarded the Government $3,653,362.52 in cleanup costs and $54,546.22 in accrued interest against the defendants to the Idaho Litigation (including Debtor), jointly and severally, with regard to the Conjecture mine site. With regard to the Minnie Moore site, the Idaho District Court awarded the Government $689,223.24 in cleanup costs and $9,208.68 in accrued interest. In connection with both sites, the Idaho District Court also awarded the Government additional costs of removal and remediation incurred after January 31, 2013, but these amounts have not yet been liquidated. In the same ruling, the Idaho District Court also denied Debtor's motion for partial summary judgment. Additional issues

---

[4]    The other named defendants in the Idaho Lawsuit are Blum Real Estate Trust, Bentley J. Blum, and Camp Bird Colorado, Inc.

19812758                                    5

remain to be decided in the Idaho Lawsuit, and Idaho District Court's order is not yet a final and non-appealable. In the Idaho Lawsuit, Debtor has been represented by counsel for its insurance carrier.

D.   **DEBTOR FILES FOR CHAPTER 11 RELIEF**

15.   Debtor has elected to seek relief under Chapter 11 for multiple reasons, including the avoidance of additional time, fees and costs associated with the Idaho Lawsuit, the opportunity to resolve, liquidate and pay the Government's claims through the bankruptcy proceeding, and, most importantly, the opportunity to preserve and realize the value of Debtor's principal asset, namely, its ownership interest in Camp Bird.

16.   During this case, Debtor anticipates accomplishing the foregoing objectives by: (a) substantively consolidating Debtor with concurrently filed bankruptcy proceeding of Camp Bird, with Debtor being the surviving entity, and (b) selling the assets of Camp Bird to the highest and best offer, free and clear of liens and encumbrances, with valid liens and claims to attach to the proceeds.

17.   Debtor intends to accomplish its goals by promptly filing a motion for substantive consolidation as well as a liquidating plan of reorganization, which will provide a process for realizing the highest and best value of the Camp Bird's assets and resolving competing, unliquidated and disputed claims. In this way, Debtor believes it can realize the highest and best value of its assets and, at the same time, repay its creditors in a timely manner.

### III.

### RELIEF REQUESTED

18.   Debtor respectfully requests the entry of an order pursuant to § 327(a) of the BANKRUPTCY CODE authorizing it to employ and retain Snell & Wilmer as counsel effective as of the Petition Date.

19.  Debtor has selected Snell & Wilmer because the firm has considerable experience in such cases and is well qualified to represent Debtor as counsel in this case.

20.  No previous application for the relief sought herein has been made by Debtor to this or any other Court.

## IV.

### SERVICES TO BE RENDERED

21.  Debtor believes that it would be most efficient and in the best interest of its bankruptcy estate that Snell & Wilmer be retained, pursuant to § 327(a) of the BANKRUPTCY CODE, as counsel to perform the legal services that will be necessary during the pendency of this Chapter 11 case, as more fully described herein. Certain of the necessary professional services to be rendered by Snell & Wilmer include, without limitation, the following:

(a)  Assisting the Debtor prepare its petition and the documents related thereto;

(b)  Render legal advice with respect to the powers and duties of Debtor that will continue to manage its property and assets as debtor-in-possession;

(c)  Negotiate and prepare on Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents and take any necessary action on behalf of Debtor to obtain confirmation of such plan;

(d)  Take all necessary action to protect and preserve the estate of Debtor, including the prosecution of actions on Debtor's behalf, the defense of any actions commenced against Debtor, negotiations concerning all litigation in which Debtor is or will become involved, and the evaluation and objection to claims filed against the estate;

(e)     Prepare, on behalf of Debtor, all necessary applications, motions, answers, orders, reports and papers in connection with the administration of the estate herein, and appear on behalf of Debtor at all court hearings in connection with this case;

(f)     Render legal advice and perform all other legal services in connection with the foregoing and in connection with this Chapter 11 case;

(g)     Advise Debtor in connection with any sale of its assets; and

(h)     Perform any other services or representation that may be necessary in the conduct of this case.

## V.

## COMPENSATION

22.     To perform its duty as debtor-in-possession, it is essential that Debtor employ Snell & Wilmer.

23.     On July 30, 2014, Snell & Wilmer received payment from Debtor, in the amount of $50,000.00 for services rendered for the benefit of Debtor and Camp Bird, a wholly owned subsidiary of Debtor and an affiliate debtor in a separate proceeding in this Court.

24.     As detailed in the Supporting Declaration, Snell & Wilmer applied at total amount of $36,054.50 against the retainer for fees and costs for services rendered for Debtor and Camp Bird prior to the Petition Date and through December 11, 2014. Snell & Wilmer also applied to the retainer $3,434 for Debtor's and Camp Bird's Chapter 11 filing fee. Snell & Wilmer continues to hold the balance of the retainer in its client trust account and will apply the funds to fees and expenses approved by this Court upon approval of a fee application. Snell & Wilmer also has rendered services to the Debtor

and Camp Bird after December 11, 2014 in connection with, and related to, their cases, and these services will be included in Snell & Wilmer's first fee application.

25. Subject to Court approval, and in accordance with §§ 330 and 331 of the BANKRUPTCY CODE, compensation to Snell & Wilmer shall be based on its standard hourly rates for professional services and reimbursement of those costs and other expenses for which the firm typically seeks reimbursement, including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, special or hand-delivery charges, photocopying charges, scanning charges, travel expenses, expenses for computerized research, transcription costs.

26. The attorneys that may be designated to represent Debtor and their standard hourly rates are:

(1) David E. Leta            $550.00 per hour
(2) Andrew V. Hardenbrook    $350.00 per hour

These hourly rates are subject to periodic adjustment to reflect economic and other conditions, as well as counsel's experience and expertise in this area of law. In addition to those identified above, other attorneys and paraprofessionals employed by Snell & Wilmer may from time to time serve Debtor in connection with the matters herein described. In this case, Snell & Wilmer has agreed to not make any adjustment in its standard hourly rates after the Petition Date until January 1, 2016.

27. No agreement exists between Snell & Wilmer or any other person for the sharing of compensation to be received by Snell & Wilmer in connection with services rendered in this case.

## VI.

## PAYMENT OF ATTORNEYS' FEES

28. Certain entities ("Lenders") have agreed to lend the Debtor and Camp Bird up to $500,000 ("Administrative Expenses Loan") exclusively for payment of administrative and operational expenses of Debtor and Camp Bird associated with their bankruptcy case, including legal fees, wages, benefits, taxes, U.S. Trustee fees, license fees and the like. Repayment of the Administrative Expenses Loan shall be provided for in the plan of reorganization as an allowed administrative expense claim under 11 U.S.C. § 503(b). A copy of the loan agreement and note are attached collectively to the Supporting Declaration as Exhibit "C."

29. Mr. Blum and his spouse, Ms. Laura Utley Blum,[5] have personally guaranteed the payment of an additional $75,000.00 to Federal, and with the funds in satisfaction of the guaranty to be expressly earmarked for the payment of Debtor's and Camp Bird's administrative legal fees incurred in this case. The personal guaranty shall be reduced by the amount that the Lenders advance prior to March 31, 2015, under the Administrative Expenses Loan. This guaranty is secured with a lien against the Blum's personal residence in Florida. Copies of the guaranty (and any amendments thereto) and lien are attached as to the Supporting Declaration as Exhibit "D."

30. Additionally, Mr. Blum has personally guaranteed payment of the Debtor's and Camp Bird's administrative expenses and operating expenses during this case. A copy of that guaranty is attached to the Supporting Declaration as Exhibit "E."

---

[5] Mr. Blum and his spouse are represented by separate, independent counsel in connection with this matter and have been advised that Snell & Wilmer's exclusive loyalty and responsibility is to the Debtor and Camp Bird.

## VII.

## **DISINTERESTEDNESS**

31. Except as otherwise disclosed herein and in the Supporting Declaration, to the best of Snell & Wilmer's and Debtor's knowledge, Snell & Wilmer does not hold or represent any entity having an adverse interest in connection with this bankruptcy case, or their respective attorneys or accountants, the United States Trustee for the District of Utah, or any person employed in the office of the United States Trustee for the District of Utah.

32. As set forth in the Supporting Declaration, Snell & Wilmer may represent one or more creditors in this bankruptcy case in matters unrelated to this bankruptcy case.

33. In the Supporting Declaration, Snell & Wilmer discloses to Debtor, its creditors, parties in interest, and the Court all presently known connections of Snell & Wilmer with the creditors and United States Trustee. Snell & Wilmer also discloses what further efforts it will take to confirm the existence of any other connections. Snell & Wilmer will supplement and amend its Supporting Declaration should it discover further pertinent relationships that require disclosure in this case.

34. To the best of Debtor's knowledge, information, and belief pursuant to the information available, (i) Snell & Wilmer's proposed role as counsel to Debtor presents no adverse interest to Debtor or creditors in this case, and (ii) Snell & Wilmer is otherwise disinterested as that term is defined in 11 U.S.C. § 101(14). Therefore, Debtor's retention of Snell & Wilmer under 11 U.S.C. § 327(a) is proper and appropriate.

## VIII.

## **CONCLUSION**

WHEREFORE, Debtor respectfully requests the entry of an order authorizing the retention of Snell & Wilmer, effective as of the Petition Date, to represent Debtor.

Debtor further requests such other relief as is just and proper. A proposed form of order is attached hereto as **Exhibit 1.**

DATED: December 29, 2014.

                                                 **FEDERAL RESOURCES CORPORATION**

                                                 /s/ Scott A. Butters
                                                 Scott A. Butters
                                                 President

# EXHIBIT 1

David E. Leta (USB #1937)
Andrew V. Hardenbrook (Arizona Bar # 025518)
*Pro hac vice application pending*
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com

*Proposed Counsel for Federal Resources Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION**, <br><br> Debtor. | Bankruptcy Case No. 14-33427 <br><br> (Chapter 11) |

**ORDER GRANTING APPLICATION TO EMPLOY AND RETAIN SNELL & WILMER L.L.P., AS COUNSEL FOR THE DEBTOR**

Upon consideration of the "*Application for Order Authorizing the Employment and Retention of Snell & Wilmer L.L.P. as Counsel for the Debtor*" (the "Application") filed by Federal Resources Corporation ("Debtor"), debtor and debtor-in-possession, the "*Declaration of David E. Leta in Support of Application for Order Authorizing the*

19814066.3

*Employment and Retention of Snell & Wilmer L.L.P. as Counsel for the Debtor*" (the "Supporting Declaration"), and good cause appearing therefor, the Court:

FINDS and CONCLUDES that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2);

B. The relief requested by the Debtor in the Application is in the best interest of the Debtor, its estate, creditors, and other parties in interest;

C. The proposed attorneys at Snell & Wilmer L.L.P. ("Snell & Wilmer") are duly admitted to practice in this Court;

D. Snell & Wilmer represents no interest materially adverse to the Debtor or its estate in the matter upon which they are to be engaged and it is otherwise disinterested as that term is defined under 11 U.S.C. § 101(14);

E. Due and proper notice of the Application and Supporting Declaration has been given; no further or additional notice need be provided.

Accordingly, it is hereby

**ORDERED** that the employment of Snell & Wilmer as counsel for and on behalf of the Debtor, as outlined in the Application and pursuant to 11 U.S.C. § 327(a), is approved with no payment of compensation or reimbursement of expenses being made except after appropriate application, notice and hearing pursuant to 11 U.S.C. § 330. The employment shall be effective as of December 29, 2014.

END OF ORDER

19814066.3                                     2