David E. Leta (USB #1937)
Andrew V. Hardenbrook (Arizona Bar # 025518)
*Pro hac vice application pending*
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com

*Proposed Counsel for Federal Resources Corporation*

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION**,<br><br>Debtor. | Bankruptcy Case No. 14-33427<br><br>(Chapter 11)<br><br>Judge Joel T. Marker |

## MOTION TO TRANSFER CASE AND FOR JOINT ADMINISTRATION OF CASES

Pursuant to Rule 1015(b), Fed. R. Bankr. P., and Local Bankruptcy Rule 1015-1, Debtor, Federal Resources Corporation ("Debtor"), respectfully request that the Court enter an order transferring that certain pending Chapter 11 case captioned *In re Camp Bird Colorado, Inc.,* Case No. 14-33428 (the "Camp Bird Bankruptcy Case") to this bankruptcy proceeding (the "Federal Bankruptcy Case") to be jointly administered (for procedural purposes only) with the Federal Bankruptcy Case.

As discussed herein, transferring the Camp Bird Bankruptcy Case and joint administering it with the Federal Bankruptcy Case under Case No. 14-33427 is appropriate because, among other things, (i) similar issues and common creditors exist in both cases, and (ii) joint

19811879

administration will save time and expense as it will eliminate the need for duplicative notices, applications, and orders.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under § 28 U.S.C. § 157(b)(2). Venue of the Motion is proper before this Court under 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1015-1. The statutory predicate for the relief requested herein is Rule 1015(b), Fed. R. Bankr. P., and 11 U.S.C. § 105(a).

**II. RELEVANT FACTUAL BACKGROUND**

**A. FEDERAL RESOURCES CORPORATION**

*1. Debtor's Assets and Business Operations*

Debtor is a Nevada Corporation that was formed in 1960 as a result of a merger between Radorock Resources, Inc., and Federal Uranium Corporation. Debtor is a public company, with over 18,000 shareholders. Approximately 55% of Debtor is owned by Bentley J. Blum, an individual residing in Miami, Florida, and approximately 14% is owned by The Blum Family Trust, an affiliate of Mr. Blum. Debtor is no longer a reporting company because it did not have the cash flow to pay for audited financial statements and has not been current in its filings since 1993.

Debtor currently has only two assets: (1) 100% of the stock of Camp Bird Colorado, Inc., a Colorado corporation ("Camp Bird"),[1] and (2) 100% interest in a Madawaska Mines Limited, a Canadian corporation doing business in Ontario Canada ("Madawaska Mines").[2]

---

[1] On March 18, 2010, Debtor and Blum Real Estate Trust (the "Blum Trust") entered into a Share and Asset Transfer and Debt Assignment Agreement pursuant to which Debtor purportedly sold, assigned, transferred and set over unto the Blum Trust all of the issued and outstanding shares of capital stock of Camp Bird. The same parties entered into a Rescission of Share and Asset Transfer and Debt Assignment Agreement dated as of July 23, 2014, which reversed the prior transaction in its entirety.

[2] Madawaska Mines is not a debtor in bankruptcy.

19811879

2

Camp Bird's principal assets consist of patented gold mining claims and related land located in Ouray, Colorado ("Camp Bird Properties"). Camp Bird also is the sole owner of Camp Bird Tunnel, Mining and Transportation Company ("CTMT"), which owns various water and tunnel rights used and associated with the Camp Bird Properties.

Madawaska Mines owns a 51% interest in a joint venture, which holds the Madawaska Mine near Bancroft, Ontario. The value of the Debtor's interest in this company is unknown.

From 1955 to 1982, Debtor principally engaged in the business of acquiring, exploring and developing mining properties located in the United States and Canada, including uranium, lead, zinc, gold, silver, copper, and coal properties. Due to adverse market conditions that made its mining operations unprofitable, Debtor substantially curtailed all such operations in 1982.

Between 1982 and 1989, Debtor, as a result of certain acquisitions made in 1986, 1987 and 1988, operated in four principal business segments: natural resources, light industrial manufacturing, retail operations and furniture manufacturing.

On August 14, 1986, Camp Bird entered into a lease and option to purchase agreement (the "Lease and Purchase Option") with Chipeta Mining Corporation, Royal Gold, Inc., and Ouray Ventures, Inc. (collectively "Lessees"). Pursuant to the terms of the Lease and Purchase Option, the Lessees took over operations of the Camp Bird Properties. They operated the property under the name Camp Bird Venture. On April 22, 1990, the Lessees terminated the Lease and Purchase Option related to the Camp Bird Properties, due to their inability to define mineable ore reserves at the Camp Bird Properties.

### 2.  *Employees of Debtor's Former Subsidiary Defraud Debtor*

In May, 1989, it was determined that a material fraud had been perpetrated by certain officers and employees of Kenyon Home Furnishings, Ltd., a subsidiary acquired by Debtor in April 1988 ("Kenyon Subsidiary"). As a result of this fraud, Debtor spent considerable funds for legal fees to defend itself from various claims because of the fraud.

19811879                                        3

Since the implosion of Debtor from the fraud committed in the Kenyon Subsidiary, Debtor has not been engaged in any active mining, or other business operations. Debtor has been actively attempting to find a buyer for the Camp Bird Properties or to otherwise monetize Camp Bird's assets. Several sales agreements have been entered into, but none has closed yet. As of the date of the Petition, Debtor's business is as holding company for the stock and interest identified above.

B.  **CAMP BIRD COLORADO, INC.**

1.  *Camp Bird's Assets and Historical Business Operations*

Camp Bird is a Colorado corporation formed in 1958. Camp Bird is a wholly owned subsidiary of Debtor. Camp Bird's principal assets consist of patented gold mining claims and related land located in Ouray, Colorado ("Camp Bird Properties"). Camp Bird also is the sole owner of Camp Bird Tunnel, Mining and Transportation Company ("CTMT"), which owns various water rights and tunnel rights used and associated with the Camp Bird Properties.[3] Between 1963 and 1982, Camp Bird conducted gold mining and extraction activities on the Camp Bird Properties, but since 1986, Camp Bird has not been actively engaged in mining.

2.  *The Caldera Agreement*

In 2012, Camp Bird entered into various agreements with Caldera Mineral Resources, LLC ("Caldera") and with Caldera Holdings, LLC ("Caldera Holdings"), an affiliate of Caldera. These agreements included a Deed of Trust in favor of Caldera Holdings, a Joint Venture Agreement between Camp Bird and Caldera, and various ancillary agreements including a Lease and Option Agreement.[4]

---

[3]  CTMT is not a debtor in a bankruptcy.

[4]  Camp Bird and Debtor reserve any and all of their rights to contest, among other things, the validity of any agreement between Camp Bird and Caldera and Caldera holdings as well as any liens and encumbrances claim by Caldera and Caldera Holdings in Camp Bird's assets.

19811879                                              4

In essence, these agreements contemplated an initial expenditure by Caldera for the purpose of exploring mining opportunities on the Camp Bird Properties, followed by a more extensive investment pursuant to an option contained within the Lease and Option Agreement. The initial expenditure was made, and the option was exercised, but Caldera failed to close and remit the required payment. As a result of this breach, Camp Bird has substantial claims against Caldera, and against Caldera Holdings, which it intends to pursue and resolve during this bankruptcy case.

C.     **THE IDAHO LAWSUIT**

In 2011, the United States of America, Department of Agriculture, filed a lawsuit against Debtor, Camp Bird, and others,[5] entitled *United States of America v. Federal Resources Corporation*, et al., pending in the United States District Court for the District of Idaho, case no. 2:11-cv-00127-BLW-RCT (the "Idaho Lawsuit"). At its core, the Idaho Lawsuit sought the recovery of funds incurred by the United States pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), for environmental cleanup efforts at the Conjecture Mine site in Bonner County, Idaho and at the Minnie Moore Mine site in Blaine County, Idaho. Federal filed a counterclaim against the United States in this action, alleging contributory liability for its share of the response costs. Debtor filed a counterclaim against the United States in this action, alleging contributory liability for its share of the response costs.

On July 14, 2014, the Idaho District Court in the Idaho Lawsuit entered an order on several pending motions including, in particular, the Government's motion for summary judgment and Debtor's motion for partial summary judgment. In its ruling, the Court granted the Government's motion for summary judgment and awarded the Government $3,653,362.52 in cleanup costs and $54,546.22 in accrued interest against the defendants to the Idaho Litigation

---

5     The other named defendants in the Idaho Lawsuit are Blum Real Estate Trust, Bentley J. Blum, and Camp Bird Colorado, Inc.

(including Debtor), jointly and severally, with regard to the Conjecture mine site. With regard to the Minnie Moore site, the Idaho District Court awarded the Government $689,223.24 in cleanup costs and $9,208.68 in accrued interest. In connection with both sites, the Idaho District Court also awarded the Government additional costs of removal and remediation incurred after January 31, 2013, but these amounts have not yet been liquidated. In the same ruling, the Idaho District Court also denied Debtor's motion for partial summary judgment. Additional issues remain to be decided in the Idaho Lawsuit, and Idaho District Court's order is not yet a final and non-appealable. In the Idaho Lawsuit, Debtor has been represented by counsel for its insurance carrier.

### D.     **DEBTORS FILE FOR CHAPTER 11 RELIEF**

Debtor and Camp Bird have elected to seek relief under Chapter 11 for multiple reasons, including the avoidance of additional time, fees and costs associated with the Idaho Lawsuit, the opportunity to resolve, liquidate and pay the Government's claims through the bankruptcy proceeding, and, most importantly, the opportunity to preserve and realize the value of Debtor's principal asset, namely, its ownership interest in Camp Bird.

During this case, Debtor anticipates accomplishing the foregoing objectives by: (a) substantively consolidating Debtor with concurrently filed bankruptcy proceeding of Camp Bird, with Debtor being the surviving entity, and (b) selling the assets of Camp Bird to the highest and best offer, free and clear of liens and encumbrances, with valid liens and claims to attach to the proceeds.

Debtor intends to accomplish its goals by promptly filing a motion for substantive consolidation as well as a liquidating plan of reorganization, which will provide a process for realizing the highest and best value of the Camp Bird's assets and resolving competing, unliquidated and disputed claims. In this way, Debtor believes it can realize the highest and best value of its assets and, at the same time, repay its creditors in a timely manner.

### III.  RELIEF REQUESTS

Through this Motion, the Debtor requests the entry of an order transferring the Camp Bird Bankruptcy Case to the Honorable Joel T. Marker and jointly administering the Camp Bird Bankruptcy Case and the Federal Bankruptcy Case for procedural purposes only.  The Debtor requests that the Court maintain one file and one docket for these jointly administered cases under Case No. 14-33427 and be administered under a consolidated caption.

### IV.  LEGAL ANALYSIS

The Court has the authority to transfer and jointly administer two bankruptcy cases for procedural purposes under Rule 1015(b), Fed. R. Bankr. P.  Rule 1015 provides, in pertinent part that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Additionally, Local Bankruptcy Rule 1015-1 provides that "[a] motion for consideration or joint administration of cases may be brought before the Judge assigned to case with the lowest case number, to which the motion for consolidation or joint administration applies."

The purpose of joint administration is "to allow pleadings which would likely be filed in duplicate, one in each case, to be filed under one number." *In re N.S. Garrett & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).  "Joint administration is thus a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases." *In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994). Accordingly, a court should order joint administration where it would be convenient, cost-saving, and efficient. *Id.*

Here, joint administration of the Federal Bankruptcy Case and the Camp Bird Bankruptcy Case is appropriate.  These bankruptcy estates are intertwined and have many of the same creditors.  In addition, Debtor's creditors have an interest in the assets of Camp Bird, since the

latter is a wholly owned subsidiary of the Debtor. As a result, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. It also will reduce the parties' expenses in filing and reviewing duplicative pleadings and papers. Accordingly, transferring the Camp Bird Bankruptcy Case and jointly administering it with the Federal Bankruptcy Case will conserve judicial resources and reduce the possibility of inconsistent rulings.

Joint administration will not adversely impact the creditors' rights because this Motion seeks only joint administration for procedural purposes; it does not seek substantive consolidation.

## V.     CONCLUSION

For the reasons set forth herein, the Debtor seeks to (i) transfer the Camp Bird Bankruptcy Case to the Honorable Joel T. Marker, (ii) jointly administer the Camp Bird Bankruptcy Case with the Federal Bankruptcy Case under Case No. 14-33427; and (iii) require the use of a consolidated caption for future pleadings, paper. A proposed form of order is attached hereto as **Exhibit A.**

DATED: December 30, 2014.

**SNELL & WILMER L.L.P.**

/s/     David E. Leta
David E. Leta (USB # 1937)

*Proposed Counsel for Debtor Federal Resources Corporation*

## CERTIFICATE OF SERVICE

**Electronic Service (CM/ECF):** I hereby certify that on December 30, 2014, I electronically filed the foregoing **MOTION TO TRANSFER CASE AND FOR JOINT ADMINISTRATION OF CASES** with the United States Bankruptcy Court for the District of Utah using the Court's CM/ECF System. I further certify that the parties of record in this case, as identified below, are listed as registered CM/ECF users and will be served through the CM/ECF system:

- David E. Leta dleta@swlaw.com, wsmart@swlaw.com;btaylor@swlaw.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

            /s/     David E. Leta

# EXHIBIT A

David E. Leta (USB #1937)
Andrew V. Hardenbrook (Arizona Bar # 025518)
*Pro hac vice application pending*
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com

*Proposed Counsel for Federal Resources Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION**, <br><br> Debtor. | Bankruptcy Case No. 14-33427 <br><br> (Chapter 11) <br><br> Judge Joel T. Marker |

**ORDER GRANTING MOTION FOR JOINT ADMINISTRATION OF CASES**

Upon consideration of that certain "Motion to Transfer Case and for Joint Administration of Cases" ("Motion") filed by Federal Resources Corporation ("Debtor") in which Debtor seeks entry of an order transferring that certain case captioned *In re Camp Bird Colorado, Inc.,* Case No. 14-33428 ("Camp Bird Bankruptcy Case) to this case ("Federal Bankruptcy Case") and jointly administering (for procedural purposes

19812295

only) these cases under Case No. 14-33427, and good cause appearing therefor, the Court:

FINDS and CONCLUDES that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B. Due and proper notice of the Motion has been given; no other or further notice need be provided; and

C. Good causes exist to grant the Motion.

Accordingly, it is hereby

**ORDERED that:**

1. The Motion is GRANTED;

2. The Federal Bankruptcy Case and Camp Bird Bankruptcy Case will be administratively consolidated, for procedural purposes only, under Case No. 14-33427;

3. One docket will be maintained for the jointly administered Federal Bankruptcy Case and Camp Bird Bankruptcy Case under Case No. 14-33427;

4. All pleadings and motions are to be filed in Case No. 14-33427;

5. All proofs of claim shall be filed in the case in which such claims are asserted, and the Clerk will maintain separate registers of such claims;

6. Documents filed in the jointly administered Federal Bankruptcy Case and Camp Bird Bankruptcy Case shall conform to the case caption set forth in the attached **Exhibit 1**, which is authorized for use in these jointly administered cases; and

7. This Order shall take effect immediately.

END OF ORDER

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING MOTION FOR JOINT ADMINISTRATION OF CASES** shall be served to the parties and in the manner designated below:

**Electronic Service (CM/ECF):** I certify that the parties of record in this case, as identified below, are listed as registered CM/ECF users and will be served through the CM/ECF system:

- David E. Leta dleta@swlaw.com, wsmart@swlaw.com;btaylor@swlaw.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov


/s/ _____

19812295

3

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION** and **CAMP BIRD COLORADO, INC.**,<br><br>Debtors. | Jointly Administered under Bankruptcy Case No. 14-33427<br><br>(Chapter 11)<br>Judge Joel T. Marker<br><br>**THIS DOCUMENT RELATES TO:**<br><br>☐   In re Federal Resources Corporation<br>☐   In re Camp Bird Colorado, Inc.<br>☐   Both Debtors |

19812295

5