David E. Leta (USB #1937)
Andrew V. Hardenbrook (Arizona Bar # 025518)
*Admitted pro hac vice*
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com
       ahardenbrook@swlaw.com

*Counsel for Federal Resources Corporation*

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **FEDERAL RESOURCES CORPORATION** and **CAMP BIRD COLORADO, INC.**,<br><br>Debtors. | Jointly Administered under<br>Bankruptcy Case No. 14-33427<br>(Chapter 11)<br>Judge Joel T. Marker<br><br>**THIS DOCUMENT RELATES TO:**<br>■  In re Federal Resources Corporation<br>□  In re Camp Bird Colorado, Inc.<br>□  Both Debtors |

**FEDERAL RESOURCE CORPORATION'S PRELIMINARY STATUS REPORT**

Pursuant this this Court's Order dated January 15, 2015, Debtor, Federal Resources Corporation ("**Federal**"), as debtor-in-possession, hereby submits this Preliminary Status Report and states of follows:

### CHAPTER 11 PRELIMINARY STATUS REPORT

**I.     HISTORY OF THE DEBTOR**

    **A.     FEDERAL RESOURCES CORPORATION**

        1.     *Federal's Assets and Business Operations*

Federal is a Nevada Corporation that was formed in 1960 as a result of a merger between

20907299

Radorock Resources, Inc., and Federal Uranium Corporation. Federal is a public company, with over 18,000 shareholders. Approximately 56% of Federal is owned by Bentley J. Blum ("**Blum**"), an individual residing in Miami, Florida, and approximately 14% is owned by The Blum Family Trust ("**Blum Trust**"), an affiliate of Mr. Blum. Federal is no longer a reporting company because it did not have the cash flow to pay for audited financial statements and has not been current in its filings since 1993.

Federal currently has only two assets: (1) 100% of the stock of Camp Bird, a Colorado corporation,[1] and (2) 100% interest in a Madawaska Mines Limited, a Canadian corporation doing business in Ontario Canada ("**Madawaska Mines**").[2]

Camp Bird's principal assets consist of patented gold mining claims and related land located in Ouray, Colorado ("**Camp Bird Properties**"). Camp Bird also is the sole owner of Camp Bird Tunnel, Mining and Transportation Company ("**CTMT**"), which owns various water and tunnel rights used and associated with the Camp Bird Properties.

Madawaska Mines owns a 51% interest in a joint venture, which holds the Madawaska Mine near Bancroft, Ontario. The value of the Federal's interest in this company is unknown.

From 1955 to 1982, Federal principally engaged in the business of acquiring, exploring and developing mining properties located in the United States and Canada, including uranium, lead, zinc, gold, silver, copper, and coal properties. Due to adverse market conditions that made its mining operations unprofitable, Federal substantially curtailed all such operations in 1982.

As a result of certain acquisitions made in 1986, 1987 and 1988, between 1982 and 1989 Federal operated in four principal business segments: natural resources, light industrial

---

[1] On March 18, 2010, Debtor and the Blum Trust entered into a Share and Asset Transfer and Debt Assignment Agreement pursuant to which Debtor purportedly sold, assigned, transferred and set over unto the Blum Trust all of the issued and outstanding shares of capital stock of Camp Bird. The same parties entered into a Rescission of Share and Asset Transfer and Debt Assignment Agreement dated as of July 23, 2014, which reversed the prior transaction in its entirety.

[2] Madawaska Mines is not a debtor in bankruptcy.

manufacturing, retail operations and furniture manufacturing.

On August 14, 1986, Camp Bird entered into a lease and option to purchase agreement (the "**Lease and Purchase Option**") with Chipeta Mining Corporation, Royal Gold, Inc., and Ouray Ventures, Inc. (collectively "**Lessees**"). Pursuant to the terms of the Lease and Purchase Option, the Lessees took over operations of the Camp Bird Properties. They operated the property under the name Camp Bird Venture. On April 22, 1990, the Lessees terminated the Lease and Purchase Option related to the Camp Bird Properties, due to their inability to define mineable ore reserves at the Camp Bird Properties.

2.   *Employees of Federal's Former Subsidiary Defraud Federal*

In May 1989, it was determined that a material fraud had been perpetrated by certain officers and employees of Kenyon Home Furnishings, Ltd., a subsidiary acquired by Federal in April 1988 ("**Kenyon Subsidiary**"). As a result of this fraud, Federal spent considerable funds for legal fees to defend itself from various claims because of the fraud.

Since the implosion of Federal from the fraud committed in the Kenyon Subsidiary, Debtor has not been engaged in any active mining, or other business operations. Federal has been actively attempting to find a buyer for the Camp Bird Properties or to otherwise monetize Camp Bird's assets. Several sales agreements have been entered into, but none has closed yet. As of the Petition Date, Federal's business is as holding company for the stock and interest identified above.

B.   <u>CAMP BIRD COLORADO, INC.</u>

A.   *Camp Bird's Assets and Historical Business Operations*

Camp Bird is a Colorado corporation formed in 1958. Camp Bird is a wholly owned subsidiary of Federal. Camp Bird's principal assets consist of the Camp Bird Properties. Camp Bird also is the sole owner of CTMT, which owns various water rights and tunnel rights used and

associated with the Camp Bird Properties.[3] Between 1963 and 1982, Camp Bird conducted gold mining and extraction activities on the Camp Bird Properties, but since 1986, Camp Bird has not been actively engaged in mining.

### B. *The Caldera Agreement*

In 2012, Camp Bird entered into various agreements with Caldera Mineral Resources, LLC ("**Caldera**") and with Caldera Holdings, LLC ("**Caldera Holdings**"), an affiliate of Caldera. These agreements included a Deed of Trust in favor of Caldera Holdings, a Joint Venture Agreement between Camp Bird and Caldera, and various ancillary agreements including a Lease and Option Agreement.[4]

In essence, these agreements contemplated an initial expenditure by Caldera for the purpose of exploring mining opportunities on the Camp Bird Properties, followed by a more extensive investment pursuant to an option contained within the Lease and Option Agreement. The initial expenditure was made, and the option was exercised, but Caldera failed to close and remit the required payment. As a result of this breach, Camp Bird has substantial claims against Caldera, and against Caldera Holdings, which it intends to pursue and resolve during this bankruptcy case.

### C. **THE IDAHO LAWSUIT**

In 2011, the United States of America, Department of Agriculture, commenced the Idaho Lawsuit against Federal, Camp Bird, Mr. Blum, and the Blum Trust, entitled *United States of America v. Federal Resources Corporation*, et al., Civil No. 2:11-cv-00127-RCT, United States District Court for the District of Idaho (the "**Idaho Lawsuit**"). At its core, the Idaho Lawsuit sought the recovery of funds incurred by the United States pursuant to the Comprehensive

---

[3] CTMT is not a debtor in a bankruptcy.
[4] Camp Bird and Federal reserve any and all of their rights to contest, among other things, the validity of any agreement between Camp Bird and Caldera and Caldera holdings as well as any liens and encumbrances claim by Caldera and Caldera Holdings in Camp Bird's assets.

20907299   4

Environmental Response, Compensation and Liability Act ("**CERCLA**"), for environmental cleanup efforts at the Conjecture Mine site in Bonner County, Idaho and at the Minnie Moore Mine site in Blaine County, Idaho.

Although the Government alleged that only Federal conducted mining operation on the Conjecture Mine site and Minnie Moore Mine site (and not Camp Bird, Mr. Blum or the Blum Trust), the Government asserted that Camp Bird and Mr. Blum were liable as the alleged alter egos of Federal. The Government also asserted a claim for fraudulent transfer under 28 U.S.C. § 3304 against Federal, Camp Bird, and the Blum Trust related to a March 2010 Share and Asset Transfer and Debt Assignment Agreement, pursuant to which Federal purportedly sold, assigned, transferred and set over unto the Blum Trust all of the issued and outstanding shares of capital stock of Camp Bird.[5] Federal also filed a counterclaim against the United States in this action, alleging contributory liability for a portion of the response costs.

On July 14, 2014, the Idaho District Court in the Idaho Lawsuit entered an order on several pending motions including, in particular, the Government's motion for summary judgment and Federal's motion for partial summary judgment. In its ruling, the Court granted the Government's motion for summary judgment and, among other things, (i) determined that Camp Bird and Mr. Blum are the alter egos of Federal, (ii) awarded the Government $3,653,362.52 in cleanup costs and $54,546.22 in accrued interest against all of the defendants to the Idaho Litigation, jointly and severally, with regard to the Conjecture mine site, (iii) awarded the Government $689,223.24 in cleanup costs and $9,208.68 in accrued interest, with regard to the Minnie Moore site, and (iv) granted the Governments' fraudulent transfer claim under 28 U.S.C. § 3304(A)(2). In the same ruling, the Idaho District Court also denied Federal's motion for partial summary judgment on Federal's counterclaim.

---

[5]   As set forth herein, Federal and the Blum Trust entered into a Rescission of Share and Asset Transfer and Debt Assignment Agreement dated as of July 23, 2014, which reversed the prior transaction in its entirety.

### D. DEBTORS FILE FOR CHAPTER 11 RELIEF

On December 29, 2014 (the "**Petition Date**"), Federal and Camp Bird initiated their respective voluntary petitions for relief under Chapter 11.

Federal and Camp Bird have elected to seek relief under Chapter 11 for multiple reasons, including the avoidance of additional time, fees and costs associated with the Idaho Lawsuit, the opportunity to resolve, liquidate and pay whatever is properly owed to the Government in connection with the claims in the Idaho Lawsuit, and, most importantly, the opportunity to preserve and realize the value of Federal's principal asset, namely, its ownership interest in Camp Bird.

During this case, Federal anticipates accomplishing the foregoing objectives by: (a) substantively consolidating Federal and Camp Bird, with Federal being the surviving entity, (b) selling the assets of Camp Bird through a liquidating plan and in a manner designed to obtain the highest and best price for the Camp Bird assets, with valid liens and claims to attach to the proceeds, and (c) distributing the proceeds of a sale to creditors and equity holders in accordance with their respective priorities.

Federal intends to accomplish its goals both through its pending motion for substantive consolidation as well as through confirmation of a plan. In this way, Federal believes it can realize the highest and best value of its assets and, at the same time, repay its creditors in a timely manner.

### E. EVENTS IN IDAHO LAWSUIT SINCE THE PETITION DATE

On the Petition Date, Federal and Camp Bird, respectively, filed notices of bankruptcy in the Idaho Lawsuit. On December 31, 2014, the Idaho Court held a telephonic hearing at the conclusion of which it requested the parties to provide further briefing by January 9, 2015 regarding, among other things, whether it could proceed with entering judgment in light of the Debtors' pending bankruptcy proceedings. On January 9, 2015, the Debtors filed a Bench

Memorandum with the Idaho Court, which was joined by Blum and the Blum Trust, and in which the Debtors argued, among other things, that the Idaho Court was stayed from entering judgment against any of the defendants and also lacked jurisdiction to do so. On the same day, the Government also filed its brief arguing, among other things, that the Idaho Court could proceed with entering judgment against all of the defendants.

On January 12, 2015, the Idaho Court entered an order directing that judgment be entered against all defendants, but staying execution of the judgment against the Debtors.[6] On the same day, the Idaho Court entered a Final Judgment against the Debtors, the Blum Trust, and Mr. Blum, in which the Idaho Court, among other things, determined that "[t]o the extent Federal Resources Corporation is liable to the United States, the liability extends to Camp Bird Colorado, Inc., and Bentley J. Blum."

## II.

## TYPE OF PLAN

Federal anticipates filing a liquidating plan to sell the assets of Camp Bird, free and clear of liens and encumbrances, with valid liens and claims to attach to the proceeds. It then intends, through the plan, to distribute the proceeds to creditors and equity holders in accordance with their respective priorities.

## III.

## CRAMDOWN

Federal's intent is to obtain sufficient accepting votes to confirm its plan under 11 U.S.C. § 1129(a). However, if the Federal has a rejecting class, it will proceed with confirmation under § 1129(b).

---

[6]   Federal and Camp Bird dispute the Idaho Court's ability to enter Final Judgment because, among other things, the Idaho Court is stayed under 11 U.S.C. § 362 and lacks jurisdiction, and Federal and Camp Bird reserve all rights with respect to the entry of the Final Judgment.

IV.

## VALUATION OF ASSETS

Because Federal intends to propose a liquidating plan of reorganization, Federal does not anticipate any litigation to occur regarding the valuation of Federal's assets.

V.

## CASH COLLATERAL AND ADEQUATE PROTECTION

Federal has no cash collateral nor does it have any secured claims. As such, Federal does not anticipate any motions concerning cash collateral or adequate protection issues. Additionally, should this estate be substantively consolidated with the estate of Camp Bird, Camp Bird also does not have any cash collateral, and Federal does not anticipate any adequate protection issues related to the assets of Camp Bird. Camp Bird, however, does have secured creditors. Those secured claims are identified on its Schedule D.

VI.

## ADVERSARY PROCEEDINGS

Federal believes that the below-listed adversary proceedings may be necessary to confirm or implement its plan:

1. **Caldera and Caldera Holdings Adversary**: Caldera failed to close and remit the required payment as contemplated by its agreements with Camp Bird. Camp Bird therefore has substantial claims against Caldera and against Caldera Holdings, including, without limitation, breach of contract and avoidance of the Deed of Trust. This adversary proceeding will be filed under Bankruptcy Rule 7001(2). The anticipated parties are Camp Bird, as plaintiff, and Caldera, Caldera Holdings and the principals of both, as defendants.

2. **United States of America Adversary**: In the Idaho Lawsuit, the United States asserted that Camp Bird and Mr. Blum are the alter egos of Federal.

The United States also asserted a fraudulent transfer claim under 28 U.S.C. § 3304(A)(2) against Federal, Camp Bird, and the Blum Trust. The Idaho Court subsequently entered judgment in favor of the United States on these claims, among others.[7] Federal maintains that the alter ego and the fraudulent transfer causes of action are property of this estate under 11 U.S.C. § 541, and that only Federal has authority to pursue these claims for the benefit of all creditors. On January 27, 2015,[8] the United States initiated post-judgment asset discovery against Mr. Blum, but, to Federal's knowledge, it has not yet taken any action to attach or levy against Mr. Blum's assets. Federal shares the interest of the United States in Mr. Blum's assets, but it does not believe that the United States has any right to attach, levy against or collect those assets which would deprive Federal of its rights under Section 541.

Therefore, if the United States initiates any collection actions against Mr. Blum's assets, or the assets of his Trust, Federal contemplates initiating an adversary proceed against the United States to obtain: (i) a declaration from this Court that the alter ego and fraudulent transfer claims are property of the estate, and (ii) an injunction to stay the United States from seizing assets of Mr. Blum and/or the Blum Trust that may be used to benefit this estate. This adversary proceeding will be filed under Bankruptcy Rule 7001(1), (7), and (9). The anticipated parties are Federal, as plaintiff, and the United States, as defendant. Other creditors attempting to seize the assets of Mr. Blum and/or the Blum Trust may also be joined to this action if and when they are identified.

---

[7] As set forth above, Federal and Camp Bird dispute the Idaho Court's ability to enter final judgment and continue with the Idaho Lawsuit after the Petition Date.

[8] This was the day after the automatic stay of Rule 62, FRCP, expired.

3. **Other Potential Contested Matters:**[9] In addition to the foregoing adversary proceedings, Federal anticipates initiating the following Contested Matters:

   a. **Substantive Consolidation:** Federal has filed with this Court an order seeking the substantive consolidation of this estate with the estate of Camp Bird, with Federal's estate as the remaining bankruptcy estate. That motion presently is pending before this Court but no hearing has been set pending resolution of notice issues regarding Federal's 18,000 shareholders (see below).

   b. **Motion to Determine that Stay Applies to Idaho Lawsuit:** Federal anticipates filing a motion for this Court to (i) determine that the automatic stay provisions of 11 U.S.C. § 362(a) apply to the Idaho Lawsuit, and (ii) declare any action taken in that proceeding following the Petition Date is null and void.

   c. **Motion for Stay Relief:** Federal anticipates filing a motion for stay relief under 11 U.S.C. § 362(d), to the extent it applies, to appeal the Idaho Lawsuit.

## VII.
## ENVIRONMENTAL ISSUES

As set forth above, Federal and Camp Bird already have been in litigation concerning certain environmental issues. This litigation focused on Conjecture Mine site in Bonner County, Idaho and the Minnie Moore Mine site in Blaine County, Idaho. The cleanup on these sites concluded in 2007. Other than the Idaho Lawsuit, Federal is not aware of any other property

---

[9] While this Court's order does not require the disclosure of potential contested matters, Federal provides this disclosure to comply with both the letter and spirit of this Court's Order.

20907299

10

owned by Federal or Camp Bird that could potentially give rise to claims or litigation based upon federal or state environmental laws.

## VIII.

## OBJECTIONS TO CLAIMS[10]

Federal anticipates objecting to any claim filed by the United States related to the Idaho Lawsuit. To the extent the Idaho Lawsuit is not stayed (which Federal maintains that it is), the liquidation of the United States' claim likely will take place in the Idaho Lawsuit or on appeal to the Ninth Circuit. Federal anticipates that the United States will file a claim in the amount of $4,406,340.66, which is the amount of the Idaho judgment.

Additionally, to the extent this estate is consolidated with the estate of Camp Bird, Federal anticipates filing an objection to any secured claim filed by CHH Operating Corporation. While Federal and Camp Bird are investigating this issue, they believe that this claim likely should be an unsecured claim. Federal and Camp Bird anticipate that CHH Operating Corporation will file a secured claim in the amount of $9,418,282. Federal and Camp Bird do not dispute this claim amount, but they do dispute the validity of any lien interests asserted by CHH Operating Corporation in the Camp Bird Properties.

The aggregate amount of disputed claims in Federal's Schedules is $4,407,079.16, which is composed of (i) $738.50 allegedly owed to Fabian & Clendenin, (ii) $4,406,340.66 allegedly owed to the United States of America. The aggregate amount of disputed claims in Camp Bird's Schedules is $20,204,622.66, which is composed of: (i) $180,000 allegedly owed to Aspen Land Conservatory, LLC, (ii) 6,200,000 allegedly owed to Caldera Holdings, LLC, (iii) $9,418,282 allegedly owed to CHH Operating Corp., and (iv) $4,406,340.66 allegedly owed to the United States of America.

---

[10] Federal and Camp Bird reserve all rights to object to any claim filed in this case, whether or not specifically identified herein.

20907299                                11

## IX.

## POST-CONFIRMATION SALE OF ASSETS

Federal contemplates a sale of its assets post-confirmation, but Federal does not believe that such a sale will require involvement of the Court.

## X.

## ANTICIPATED PROFESSIONAL FEES

Federal has retained Snell & Wilmer L.L.P. ("**Snell**") to act as Federal's § 327(a) counsel in this proceeding. Federal also has filed an application for authority to retain Murphy, Armstrong & Felton, LLP ("**MAF**") as special counsel under § 327(e) to handle any appeal in connection with the Idaho Lawsuit, and that application is pending before this Court. Snell anticipates that its fees in this matter through confirmation shall be in the total amount of approximately $250,000 with an additional $35,000 in costs. Costs in this case are anticipated to be significantly higher than normal in light of the costs associated with providing notice to Federal's approximately 18,000 equity security holders.[11] The fees and expenses incurred by MAF in connection with its representation of Federal on appeal will be paid by Federal's insurance carrier.

## XI.

## SMALL BUSINESS CASE

Federal is not a "small business debtor" requiring treatment as a "small business case" as Federal's claims exceed the minimum debt limits set under 11 U.S.C. § 101(51D).

---

[11] Federal is working on establishing a website that will contain all of the pleadings filed in this case and links to forms and other helpful information. It then intends to send an initial notice, by mail, to all of its shareholders, advising them of the case filings, giving them information about how to access the Court's PACER system, giving them notice of the website, and of its contents, and allowing them to subscribe, via the website, to receive notice of other documents that are posted to the website. It intends to seek court approval of the initial notice and of this system, once it is ready to be implemented. Federal also intends to participate in its initial 341 meeting, but it will ask the UST to continue the hearing to a subsequent date so that, after notice is sent to the shareholders, they may have an opportunity to question the Debtor at the continued meeting.

## XII.

## **REQUIREMENTS OF CHAPTER 11 DEBTOR-IN-POSSESSION**

Federal has complied, and will continue to comply, with all duties under 11 U.S.C. §§ 521, 1106, and 1107, and the requirements of Local Rule 2081-1.

DATED: January 30, 2015.

        **SNELL & WILMER L.L.P**

        /s/    *Andrew Hardenbrook*
        David E. Leta
        Andrew V. Hardenbrook (Arizona Bar # 025518)
        *Admitted pro hac vice*

        *Counsel for Federal Resources Corporation*

## CERTIFICATE OF SERVICE

**Electronic Service (CM/ECF):** I hereby certify that on January 30, 2015, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah using the Court's CM/ECF System. I further certify that the parties of record in this case, as identified below, are listed as registered CM/ECF users and will be served through the CM/ECF system:

- James Vincent Cameron tr Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David Dain David.Dain@usdoj.gov, katherine.tribbett@usdoj.gov
- Andrew V. Hardenbrook ahardenbrook@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- Peter J. Kuhn tr Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David E. Leta dleta@swlaw.com, wkalawaia@swlaw.com
- John B. Lyman john.lyman@usdoj.gov, Katherine.Tribbett@usdoj.gov
- John M Macfarlane jmacfarlane@fabianlaw.com, aclark@fabianlaw.com
- Douglas J. Payne dpayne@fabianlaw.com, smcnett@fabianlaw.com
- Daniel D. Price daniel.price2@usdoj.gov, emily.goodman@usdoj.gov
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**Mail Service** – I further certify that on January 30, 2015, I caused the foregoing document to be sent by first class United States mail, postage fully prepaid, to the following at the addresses set forth below:

    Christopher D. Bryan
    Garfield & Hecht, P.C.
    601 East Hyman Avenue
    Aspen, CO 81611


                                                          /s/    *Andrew Hardenbrook*