Duane H. Gillman (#1194)
Penrod W. Keith (#4860)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile:  (801) 415-3500
Email: dgillman@djplaw.com
	pkeith@djplaw.com

Counsel for Duane H. Gillman, Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**FEDERAL RESOURCES CORPORATION and CAMP BIRD COLORADO, INC.,**<br><br>Debtors. | **Jointly Administered under Bankruptcy Case No. 14-33427 KRA**<br><br>[Chapter 7]<br>Judge Kevin R. Anderson<br><br>**THIS DOCUMENTS RELATES TO:**<br>☐  In re Federal Resources Corporation<br>☐  In re Camp Bird Colorado, Inc.<br>■  Both Debtors |

### MOTION TO USE PROPERTY PURSUANT TO 11 U.S.C. § 363 OUTSIDE THE ORDINARY COURSE OF BUSINESS

Duane H. Gillman, Chapter 7 trustee of the above-referenced estate ("Trustee"), by and through counsel, pursuant to Bankruptcy Code §§ 105 and 363, Bankruptcy Rules 2002 and 6004 files this motion to use property of the estate outside the ordinary course of business ("Motion") in order to change management and operational control of Camp Bird Tunnel Mining & Transportation ("CBTMT") and to obtain an engineering analysis related to certain Water Rights (as defined below).

SLC_3024395.1

**JURISDICTION AND BACKGROUND**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the Objection are Bankruptcy Code §§ 501 & 502 and Bankruptcy Rules 3001 & 3007 and Local Rule 3007-1.

5. On December 29, 2014, Federal Resources Corporation ("Federal Resources") and its wholly-owned subsidiary, Camp Bird Colorado, Inc. ("Camp Bird") (collectively the Debtors) filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Federal case, dkt. no. 1, Camp Bird case (Bankr. Case No. 14-33428), dkt. no. 1.

6. On December 30, 2014, Federal Resources filed a "motion to transfer case and for joint administration of cases" (the "Joint Administration Motion"), thereby requesting that the Federal Resources and Camp Bird cases be jointly administered. Dkt. no. 12. Federal Resources and Camp Bird will be referred to together as the "Debtors"). On December 30, 2014, Camp Bird joined in the Joint Administration Motion. Dkt. no. 13. The Joint Administration Motion was granted by Order entered January 27, 2015. Dkt. no. 38.

7. On or about January 28, 2016, the Court granted a motion filed by Caldera and joined by the United States Department of Justice to appoint a trustee. Duane H. Gillman was subsequently appointed as trustee. Upon a motion by Mr. Gillman, the jointly administered cases were converted to cases under Chapter 7 of title 11 of the United States Code.

**FACTS RELATED TO MOTION**

8. Debtor Camp Bird filed its schedules of assets and liabilities on or about and listed on Schedule B(13) a 100% interest in CBTMT.

9. The Debtor has disclosed, in several documents including pleadings filed in this case and in deposition, that CBTMT owns certain water rights (further description) including but not limited to water rights granted pursuant to a decree dated September 8, 1941 an any amendments thereto representing a water right of approximately 2.1 cubic feet (the "Water Rights").

10. The Trustee is aware of efforts which have been made apparently by CBTMT to market and sell such water rights.

11. Through discovery, the Trustee has attempted to obtain the corporate bylaws and other information, including financial information and creditors, associated with CBTMT. In response to the Trustee's discovery seeking such documents, no documents have been produced and no creditors of CBTMT have been identified. Accordingly, in the absence of such documents, the Trustee believes that any corporate governance issues associated with CBTMT are controlled by Colorado state law and Federal Bankruptcy law.

12. With respect to creditors of CBTMT, the Trustee has through the course of this case been made aware that Caldera asserts a claim against CBTMT. Accordingly, the Trustee is only aware of one creditor of CBTMT.

13. The Trustee believes that there is significant value in the Water Rights and is aware that the Water Rights have always been associated with the Camp Bird mine and mining claims. To the best of the Trustee's knowledge, every effort to market, lease and sell the Camp

Bird assets have included the Water Rights. The Trustee believes that the Water Rights are important asset with respect to payment of creditors of this estate and will be important in the resolution of these chapter 7 cases.

14.  In the Trustee's attempt to understand the nature and quality of the Water Rights, the Trustee understands that it is important to understand the flow of those rights during different parts of the year. The Trustee believes that it may be very valuable to any potential buyer of such Water Rights to understand the flow of those rights during a part of the year in which the water flow may be at its lowest amount.

15.  Accordingly, the Trustee wishes to obtain a current analysis of the water flow associated with the Water Rights based on the Trustee's understanding that this time of the year may represent the "lowest" flow associated with such rights.

**ARGUMENT**

16.  With respect to non-ordinary course uses of property, centering usually on the sale or lease of property, the Trustee generally must show four requirements: "(1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith." In re Medical Software Solutions, 286 B.R. 431 (Bankr. D. Utah 2002); accord Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (identifying the "sound business purpose" test); In re Abbotts Dairies of Penn, Inc., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification test of Lionel, and adding the "good faith" requirement).

17. In general, bankruptcy courts often defer to a trustee's business judgment regarding the sale of estate assets, unless such decision is arbitrary and capricious. See In re Curlew Valley Assocs., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a trustee's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." Curlew Valley, 14 B.R. at 513-14 (footnotes omitted).

18. With respect to case law relating to the "use" of property, Courts have often times simplified the issues to "notice" and "interests of creditors." For example, the court in In re Consolidated Auto Recyclers, Inc. 123 B.R. 130 (Bankr. D. Maine 1991), the Court dealt with the issue of a trustee using stock interests held by a debtor to appoint himself as officer/director of a subsidiary of the debtor and subsequently file such subsidiary into bankruptcy. The Court found the use of the stock interest was a non-ordinary course use which required "notice" to creditors. Id. at 140-41. Accordingly, the Trustee has given notice of this motion to all parties in interest.

19. In the present case, the Trustee is proposing to use the stock interest owned by Camp Bird to complete an action by written consent of sole shareholder, as allowed by Colorado law, to remove any current director or officer of the CBTMT and appoint himself as sole officer and director.

20. The Trustee does not believe that this substitution will expose either himself or the bankruptcy estate to any further liability under any Federal law, including environmental laws or bankruptcy law.

21. As explained above, the Trustee also wishes to obtain an engineering report on the current flow of the stream associated with the Water Rights. The Trustee believes that he can obtain that report from a qualified engineering firm for $5,000 or less.

22. Thus, the Trustee requests that the Court authorize use of funds up to and including $5,000 to obtain that report. As explained in the fact section above, the Trustee believes that this information may be critical to marketing and selling the Water Rights.

23. The Trustee asserts that these actions and non-ordinary course use of property is within his sound business judgment and is in the interests of creditors of this estate in that it will allow him to direct and control the value realized from the potential disposition of the Water Rights.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) allowing the Trustee's actions with respect to governance of CBTMT, (ii) allow the use of money to obtain an engineering report on water flow associated with the Water Rights, and (iii) granting such other and further relief as the Court deems just or equitable.

DATED this 8th day of November, 2016.

    /s/ Penrod W. Keith
Penrod W. Keith
DURHAM JONES & PINEGAR, P.C.

Attorneys for Trustee

SLC_3024395.1

**CERTIFICATE OF SERVICE- BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

       I hereby certify that on November 8, 2016, I electronically filed the foregoing **MOTION TO USE PROPERTY PURSUANT TO 11 U.S.C. § 363 OUTSIDE THE ORDINARY COURSE OF BUSINESS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- Kirsten R Allen     kallen@fabianvancott.com
- Troy J. Aramburu     taramburu@swlaw.com, nharward@swlaw.com;docket_slc@swlaw.com
- Martin J. Brill     mjb@lnbyb.com
- Christopher D. Bryan     cbryan@garfieldhecht.com, rortell@garfieldhecht.com
- Steven W. Call     scall@rqn.com, docket@rqn.com;lconterio@rqn.com
- James Vincent Cameron tr     Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Kenneth L. Cannon     kcannon@djplaw.com, khughes@djplaw.com
- David Dain     David.Dain@usdoj.gov, katherine.tribbett@usdoj.gov
- Duane H. Gillman     dhgnotice@djplaw.com
- Duane H. Gillman tr     dhgnotice@djplaw.com, ut02@ecfcbis.com
- M. Darin Hammond     dhammond@smithknowles.com, astevenson@smithknowles.com
- Andrew V. Hardenbrook     ahardenbrook@swlaw.com, docket_slc@swlaw.com
- Penrod W. Keith     pkeith@djplaw.com, khughes@djplaw.com
- Kristopher C. Kleiner     kris.kleiner@nortonrosefulbright.com, cecil.kennedy@nortonrosefulbright.com
- Peter J. Kuhn tr     Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David E. Leta     dleta@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com
- John B. Lyman     john.lyman@usdoj.gov, Katherine.Tribbett@usdoj.gov
- John M. Macfarlane     jmacfarlane@fabianvancott.com, aclark@fabianvancott.com
- Krikor J. Meshefejian     kjm@lnbyb.com
- Douglas J. Payne     dpayne@fabianvancott.com, mdewitt@fabianvancott.com
- Daniel D. Price     daniel.price2@usdoj.gov, emily.goodman@usdoj.gov
- Jeff D. Tuttle     jtuttle@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov

                                                     */s/  Kristin Hughes*
                                              An Employee of Durham Jones & Pinegar